IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. DAVILLA, | No. 2:14-CV-2876-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-motion for summary judgment (Doc. 19).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on May 31, 2011.  In the application, plaintiff claims that disability began on August 1, 2010.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on April 2, 2013, before Administrative Law Judge ("ALJ") Amita B Tracy.   In a May 31, 2013, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative disc disease of the lumbar spine; degenerative joint disease of the bilateral hips; myofascial pain syndrome; sleep apnea; obesity; and depression;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work; he is limited to standing and walking for four hours in an eight-hour day; he can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds; he can frequently balance; he can occasionally stoop, kneel, crouch, and crawl; he can have no exposure to extreme cold, unprotected heights, or moving machinery; he is limited to simple, routine, repetitive tasks; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on October 6, 2014, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues that the ALJ erred by failing to consider the opinion of non-examining agency consultative physician, Dr. Smith. Defendant argues the error is harmless.

On November 1, 2011, agency consultative physician L. Smith, M.D., completed a mental residual functional capacity assessment. Dr. Smith opined that plaintiff is moderately limited in the following areas: (1) ability to understand and remember detailed instructions; (2) ability to carry out detailed instructions; (3) ability to perform activities within a schedule, maintain regular attendance, and be punctual; and (4) ability to interact with the public. In all other categories of mental functioning, Dr. Smith assessed plaintiff as "not significantly limited." Dr. Smith also opined that plaintiff's understanding, memory, concentration, and attention are adequate for simple tasks over a full workday and workweek. Dr. Smith also opined that, while plaintiff cannot adequately interact with the public, he can

1 adequately interact with supervisors and co-workers.  Finally, Dr. Smith opined that plaintiff's
2 adaptation capacity is adequate "for the usual work setting."

3 Plaintiff argues that the ALJ's disability analysis is flawed as a result of failing to
4 consider Dr. Smith's opinion that plaintiff cannot adequately interact with the public – a
5 limitation the ALJ did not include in assessing plaintiff's residual functional capacity.  In
6 particular, plaintiff argues:

> During the administrative hearing, the vocational expert was asked to assume, in part, the limitations as described by Dr. Smith with respect to no interaction with the public.  AR 59-60.  The vocational expert testified that such an individual could not perform any of the past work or any light work activity but could only perform unskilled sedentary exertion as a result of the no interaction with the general public limitation.  AR 59-60.  [¶] The vocational impact of the functional limitation arising from the severe mental impairments, as described by Dr. Smith, is therefore material and imposes on the vocational ability to perform work. . . .

12 Defendant argues that the ALJ did not err because the regulations preclude
13 reliance on opinions from non-examining sources who do not "provide supporting explanations
14 for their opinions." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  The court agrees.  A review of
15 Dr. Smith's November 1, 2011, assessment reveals no references to objective evidence of record.
16 Therefore, because Dr. Smith failed to cite any evidence supporting a limitation regarding public
17 contact, the opinion was not entitled to any weight.

18 Moreover, Dr. Smiths' November 1, 2011, assessment is internally inconsistent
19 with respect to his limitation on public contact.  At one point in the assessment, Dr. Smith
20 assesses plaintiff as "moderately limited" in his ability to interact with the public.  However, Dr.
21 Smith also opined that plaintiff cannot adequately interact with the public.  This latter opinion
22 indicates that plaintiff is precluded from public contact, whereas the earlier opinion expresses
23 merely a limitation.  For this additional reason, the court finds no error with respect to the ALJ's
24 analysis of limitations on public contact.

25 / / /

26 / / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

       1.    Plaintiff's motion for summary judgment (Doc. 17) is denied;

       2.    Defendant's cross-motion for summary judgment (Doc. 19) is granted; and

       3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 11, 2016

                                                                 **CRAIG M. KELLISON**
                                                                 UNITED STATES MAGISTRATE JUDGE